United States District Court
Central District of Illinois
Peoria Division

Adrian Thomas
    Plaintiff

No. 18-1122

-v-

James Blackard, Et Al.

SCANNED AT MENARD and E-mailed
3-9-20 by PS 3 pages
date   initials   No.

## Motion to Alter the Judgment

Now comes the Plaintiff, Adrian Thomas, by and through himself Pro Se. In this motion to Alter the Judgment granting Defendants motion for Summary Judgment pursuant to Federal Rules of Civil Procedures Rule 59(E). States as follows:

1. On October 24, 2017, Thomas was an inmate held in Segregation in Pontiac Westhouse. On October 24, 2017, Thomas was removed from 822 Westhouse to Cell 504 in a condemned cell where Thomas remained confined for fifty four days despite Thomas request to be moved.

2. The cell also had defective plumbing, including a toilet leaked and a sink that only provided cold black oily water. (Ruff v. Godinez No. 91-CV-7242 (June 28, 1993)).

3. Plaintiff claims that he sent a letter to Defendants apprising them of the conditions of his cell and requesting a transfer.

4. Rhodes v. Chapman, 452 U.S. 337, 346-47 (1981). Thus any single condition that violates contemporary standards also violates the Eighth Amendment. Accordingly, where conditions have a mutually reenforcing effect, a combination of conditions may rise to the level of cruel and unusual punishment although each would not do so alone. Wilson, 111 S.Ct. At 2327 (1991).

5. The Seventh Circuit has required that prison systems provide, among other things, minimal sanitary conditions. Jackson 955 F.2d 21 (finding alleged conditions of confinement including leaking plumbing, strong odors, unfit drinking water, and general filth precluded Summary Judgment). DeMallory v. Cullen, 855 F.2d 442 (7th Cir. 1988) (finding smoke, strong odor, and failure to clean sinks and toilets, sufficient to withstand motion to dismiss).

(1)

6. In Wheaton, 668 F. Supp. 1140, the court found allegations of a malfunctioning toilet and lack of hot water alone were sufficient to refuse to dismiss the plaintiff's complaint.

7. Defendants argue that the provision of cold water mitigated the sanitation problems in Thomas' cell, but this fails to rescue defendants' position. Even if it were a substitute for hot water and Wheaton tells us it is not - we can hardly accept that cold water improves unsanitary conditions where it is itself unclean.

8. When you consider that plaintiff endured unsanitary conditions more than twice as long as inmate Wheaton, 668 F. Supp. at 1141 (confined thirteen days) and more than three times as long as the plaintiff in Harris, 839 F.2d at 1234 (confined five to ten days).

9. The combined allegations to this case are essentially the same as those put forth by plaintiff in Jackson, where the prisoner's affidavit claimed "that he was forced to live with filth, unfit drink water, inadequate plumbing. Seventh Circuit reversed summary judgment based on these allegations, finding them sufficient to constitute cruel and unusual punishment.

10. Defendants in the present case argue that they were not personally involved with the assignment of plaintiff to cell 504 and thus, are not subject to a Section 1983 action. In support of this argument, defendants produced affidavits in which they disavow personal knowledge and explain that they were not responsible for the conditions of plaintiff's cell.

11. Thomas claims that he had communication with the two about the conditions of his cell contradicts the defendants' representations and creates an issue of fact. Therefore the court may reject summary judgment on the issue of defendants Blackard and Pouk's lack of personal involvement.

12. Venning-El v. Long, 482 F.3d 923, 923-24 (7th Cir. 2007) (Summary judgment in prison's favor reversed where prisoner was placed in a cell with blood and feces on the walls, without running water or sanitation supplies); Johnson v. Pelker, 891 F.2d 136, 139-40 (7th Cir. 1989) (reversing summary judgment for prison where prisoner's cell was smeared with feces and he was denied water and cleaning supplies).

13. Grubbs v. Bradley, 552 F. Supp. 1052 (1982) Confinement of any inmate for more than one week's duration in a cell not equipped with hot water amounts to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the United States Constitution and Article 1.

14. When assessing an Eighth Amendment claim, the Court may look for physical injury "that a reasonable doctor or patient would find important and worthy of comment or treatment. The presence of a medical condition that significantly affects an individual daily activities, or the existence of chronic and substantial pain. Hayes v. Snyder, 546 F.3d 516, 523 (7th Cir. 2008). Thomas contends that his rash became worse as a result of the unsanitary conditions at Pontiac. (Bearing in mind that this is a prison condition case, not a case about inadequate medical treatment. This is enough to show some physical injury.

15. The grievances and responses are thus sufficient to create a triable issue of fact on deliberate indifference. See Vance v. Peters, 97 F.3d 987, 993 (7th Cir. 1996) ("An inmate's letter to prison administrators may establish a basis for a Section 1983 liability where "the communication gave the prison official sufficient notice to alert him to an excessive risk to inmate health or safety.

16. Regardless, Thomas alleges that Blackard and Pouke not only knew about the problem but was personally responsible for changing prison policies so that they would be addressed. Both defendants knew that the hot water did not work from a work order dated September 2017.

Date March 9, 2020

/s/ Adrian Thomas

(3)